# PORTO RICO SUGAR COMPANY *v.* LORENZO.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
PORTO RICO.

No. 154.   Argued December 22, 1911.—Decided January 9, 1912.

A contract will be read in the light of well known conditions; a contract made in Porto Rico to grind sugar cane will be presumed to be a contract to grind in the grinding season.

What the grinding season is in a particular locality may be established by parol evidence.

Nothing in the contract under consideration in this case takes it out of the ordinary rule that performance of an absolute undertaking is not excused by such occurrences as breaking of machinery, etc.

5 Porto Rico Fed. Rep. 96, affirmed.

THE facts, which involve the construction of sugar grinding contracts in Porto Rico, are stated in the opinion. Plaintiff in error was defendant below.

*Mr. Hannis Taylor*, with whom *Mr. C. M. Boerman* was on the brief, for plaintiff in error.

There was no brief filed for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action upon notarial contracts to grind all the plaintiff's sugar cane raised upon specified plantations let to him for a certain number of zafras or grinding seasons ending in 1912. The breaches alleged are failure to grind the cane, 'during the months of January to June,' 1908, and to furnish the necessary cars and men to handle the cane as agreed. At the trial it was proved that the cane was ready to be ground and should have been ground between the months of January and the first weeks of June, but that a large part of the crop was ground in the latter part of June and through July

to the great damage of the plaintiff. A failure to furnish the proper number of cars for a part of the time also was established. The contract did not fix a period within which the grinding should be done otherwise than by reference to the zafras to which it extended, and it was objected by demurrer, requests for ruling and exceptions to evidence that as the written agreement was silent it could not be made more definite by parol. But the court ruled the other way and sustained a verdict of $15,000 for the plaintiff, whereupon the case was brought to this court.

It appears to us not to need extended argument to show that the court was right. A contract to grind sugar cane implies on its face, if read with any knowledge of the business, that it has reference to seasons, and that it is more definite than a simple grammatical interpretation of the words would express. An illustration suggested at the argument brings it home to those of us whose experience has been in the North. A contract to reap a field of wheat with no mention of time would not leave the contractor free to choose his own time. The grinding of cane must be done in the grinding season, and a contract to grind is a contract to grind in the grinding season. Parol evidence may be necessary to show what that season is in a given place, as it constantly is in order to translate words and the implications of words into things; but the season when ascertained is the limit by the very meaning of the words used, when used in a business contract made with regard to one of the great industries of the world.

A part of the delay seems to have been caused by the repeated breaking down of the machinery, but nothing appears to take the case out of the ordinary rule that performance of an absolute undertaking is not excused by facts of that sort. Nothing else in the case seem to us to call for remark. The trial was conducted fairly and intelligently, and the defendant must bear the loss.

*Judgment affirmed.*